UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-543-GWU

SHERRY G. CHANEY, PLAINTIFF,

VS.    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Sherry Chaney brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

    4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

    5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

    6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

    7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately

6

portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Chaney, a 20 year-old former hostess with a high school education, suffered from impairments related to being status post splenectomy and possible systemic lupus erthematosus. (Tr. 13, 16). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 15). Since the claimant would be able to return to her past relevant work, she could not be considered totally disabled. (Tr. 16-17). As an alternative, the ALJ noted that a significant number of other jobs could still be performed as well. (Tr. 17).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Chaney could return to her past relevant hosting work, the ALJ relied heavily upon the opinion of James Miller, a Vocational Expert. The hypothetical question initially presented to Miller included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to more than occasionally crouch, crawl or climb stairs; (2) an inability to ever climb ladders; (3) the need to avoid exposure to hazards, extreme cold, or vibration; (4) a "limited but satisfactory" ability to relate to co-workers, deal with the public and supervisors,

7

06-543 Chaney

function independently, understand, remember and carry out detailed instructions, and respond appropriately to work setting changes. (Tr. 410). In response, the witness testified that Chaney's past work as hostess could still be performed. (Id.). The ALJ later inquired about a limitation to sedentary level work with the same non-exertional restrictions. (Tr. 411). The expert identified a significant number of jobs which could still performed including cashier, receptionist, packager, and small parts inspector. (Id.). Therefore, assuming that the vocational factors considered by Miller fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence of record relating to Chaney's physical condition. Dr. Robert Hoskins, an examining consultant, noted problems related to being status post splenectomy, vertigo, chronic fatigue syndrome and possible systemic lupus erthematosus. (Tr. 154). The doctor indicated that the plaintiff would be impaired with respect to carrying, light lifting, bending, squatting, crawling, climbing and balancing.[1] (Id.). The hypothetical factors presented to Miller were essentially consistent with this opinion. The ALJ did not include a limitation concerning balancing. However, the Dictionary of Occupational Titles (DOT) reveals that DOT Section 310.137-010, pertaining to the job of hosting, indicates

---

[1] While Dr. Hoskins also noted that Chaney "appears" to have difficulty with gross and fine manipulation, he did not specify this as a restriction. (Tr. 154). Dr. John Slevin's later examination showed normal use of most items with the hands, normal handwriting, and the ability to draw a spiral with both hands. (Tr. 386).

that balancing is not a requirement of this position.  With regard to the alternative jobs, DOT Section 237.367-038, pertaining to the position of receptionist, and DOT Section 211.362-010, pertaining to the job of cashier, also indicate that balancing is not required in these jobs.  Thus, these positions would be consistent with Dr. Hoskins's limitations.  The hypothetical factors were also compatible with the physical limitations identified by Dr. Humilidad Anzures (Tr. 272-278) and Dr. David Swan (Tr. 279-286), the non-examining medical reviewers.  Such treating and examining sources as the staff at Marymount Medical Center (Tr. 117-130, 171-191), the staff at St. Joseph Hospital (Tr. 131-140), Dr. Gary Margolies (Tr. 141-150, 225-234), the staff at the Baptist Regional Medical Center (Tr. 305-314), the staff at the Medical Specialists of Kentucky (Tr. 321-326), and the staff at the University of Kentucky Medical Center (Tr. 362-366, 384-387) did not identify the existence of more severe physical limitations than those found by the ALJ.  These reports provide substantial evidence to support the administrative decision.

     Dr. Ray Hays, a treating physician at the Lexington Clinic, identified the existence of extremely severe restrictions including an inability to lift any weight. (Tr. 346-350).  The plaintiff was seen at the Lexington Clinic primarily for complaints of abdominal pain, but no clear diagnosis of the problem was ever established.  (Tr. 235-264, 315-319).  The doctor also noted motor weakness, but the etiology was unclear.  (Tr. 327).  A neurological examination at St. Joseph Hospital was unremarkable.  (Tr. 198).  Dr. Hoskins identified no sensory deficits.  (Tr. 153).

Muscle strength was 4/5 in the lower extremities with some muscle wasting indicated. (Id.). Under these circumstances, the Court finds that Dr. Hays's opinion was properly rejected.

Dr. Robert Cooper, another treating source, opined in November of 2004 that Chaney had been totally disabled since October of 2003 and would remain so for at least three to four months. (Tr. 303). This is a conclusory opinion outside the physician's area of expertise. The doctor cited no objective evidence to support such an opinion but did note that the patient had undergone an extensive range of medical work-ups including consultations with an infectious disease specialist, a gastroenterologist, a neurologist, a rheumatologist, a general surgeon, and a cardiologist, none of which had revealed satisfactory objective medical evidence to explain her symptoms. (Id.). Thus, this opinion was not binding on the ALJ.

Dr. Anne Constantino, another treating physician, opined that Chaney would not be able to perform a "meaningful" job until she was provided with treatment. (Tr. 370). However, once again the doctor indicated that despite a plethora of testing and medical work-ups, a satisfactory diagnosis of her problems had not been found since all testing results had been normal. (Id.). Thus, this conclusory opinion also lacks objective medical support and was properly rejected by the ALJ.

The ALJ also dealt properly with the evidence of record relating to Chaney's mental status. Although the ALJ ultimately determined that the claimant did not suffer from a "severe" mental impairment, mental restrictions were included in the

hypothetical factors presented to the vocational expert. Dr. Kevin Eggerman examined the plaintiff and diagnosed a somatoform disorder. (Tr. 269). Dr. Eggerman opined that the claimant would be "mildly" limited in such areas as understanding and remembering detailed instructions, and interacting appropriately with supervisors, co-workers and the public and would be "moderately" limited in her ability to respond to work pressures. (Tr. 271). The vocational factors presented to Miller were essentially consistent with this opinion. Psychologist Jay Athy reviewed the record and did not believe that Chaney suffered from a "severe" mental impairment. (Tr. 287). Furthermore, the plaintiff has not argued that the ALJ erred in her treatment of the evidence relating to her mental condition. Therefore, the Court finds no error.

Chaney asserts that the ALJ did not deal properly with her claim of suffering from fibromyalgia. However, no physician of record diagnosed fibromyalgia. Therefore, the Court must reject the plaintiff's argument.

Chaney argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

11

06-543 Chaney

In the present action, Chaney was found to be suffering from a potentially painful condition.  However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs.  An abdominal x-ray and an abdominal CT Scan were both negative in October of 2003.  (Tr. 135).  An MRI Scan of the head revealed ethmoid sinusitis but was otherwise negative.  (Tr. 136).  Computed tomography of the head was normal.  (Tr. 137).  In April of 2004, Dr. Margolies noted that an abdominal CT Scan was unremarkable with the exception of the splenectomy.  (Tr. 149).  A chest x-ray at this time revealed no acute findings.  (Tr. 150).  In September of 2004, an x-ray of the cervical spine obtained for Dr. Margolies showed no significant degenerative changes.  (Tr. 234).  A blood test at Marymount in November of 2004 revealed no abnormalities.  (Tr. 188).  An abdominal CT Scan at this time was unremarkable.  (Tr. 190).  The plaintiff was also seen at St. Joseph Hospital in November of 2004 where an echocardiogram was completely normal. (Tr. 193).  An gallbladder ultrasound was also normal.  (Id.).  A neurological examination, Ct Scan of the head, and spinal fluid test were also all unremarkable. (Tr. 198).  An MRI Scan of the brain was normal.  (Tr. 219).  Taken as a whole, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain.  Therefore, the ALJ would appear to have properly evaluated Chaney's pain complaints.

06-543 Chaney

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 12th day of October, 2007.

Signed By:
*G. Wix Unthank*
United States Senior Judge